ORIGINAL

JOHN HARRIS PAER, ESQ.    #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-7179
email: paerj001@hawaii.rr.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 25 2010

at 11 o'clock and 05 min.  M.
SUE BEITIA, CLERK

CHRISTIAN P. PORTER
PORTER TOM QUITIQUIT CHEE & WATTS, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone:  (808) 526-3011
Facsimile:  (808) 523-1171
email: cporter@btpqlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTHA ANN SKAGGS,<br><br>　　　　Plaintiff,<br><br><br>　vs.<br><br>HSBC BANK USA, N.A. and<br>BAC HOME LOANS SERVICING, LP,<br><br>　　　　Defendant. | CIVIL NO. 10-00247 JMS-KSC<br><br>PLAINTIFF'S FIRST AMENDED<br>COMPLAINT FOR DAMAGES AND<br>INJUNCTIVE RELIEF; EXHIBITS<br>"A - G"; SUMMONS; CERTIFICATE<br>OF SERVICE |

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, by and through her undersigned attorneys and alleges as follows:

INTRODUCTION

1.   This Complaint is filed and these proceedings are instituted under 12 U.S.C. §2601 et seq. and §§2605 and 2614, along with H.R.S. Chapter 480, et seq., and other state laws, to rescind,

recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendants' violations of those laws.  Plaintiff seeks actual and statutory damages arising out of Defendant's misrepresentations and improper disclosures.

JURISDICTION

2.   Jurisdiction is appropriate under 12 U.S.C. §2614. The diversity jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §1332.

PARTIES

3.   Plaintiff is a natural person and is a resident and citizen of the State of Hawaii.

4.   Defendant HSBC Bank USA, N.A. (hereinafter "HSBC") is a national bank doing business in the State of Hawaii.

5.   HSBC is a citizen of a state other than the State of Hawaii with its principal place of business in a state other than Hawaii.

6.   BAC Home Loans Servicing, LP (hereinafter "BAC") is a limited partnership doing business in the state of Hawaii.

7.   BAC is a citizen of a state other than the State of Hawaii with its principal place of business in a state other than Hawaii.

8.   There is complete diversity between the Plaintiff and the Defendants, and the amount in controversy is greater than $75,000.00.

FACTS

9.   Upon information and belief, Home 123 Corporation, (hereinafter "Home") the maker of the loan and mortgage described herein, is no longer doing business and is no longer a viable entity.

10.   In 2006, Romeo Anacan, called Plaintiff at her home, introduced himself as an agent of Home, and told Plaintiff that interest rates were low and that she could refinance her mortgage upon better terms than those of her existing loan if she would refinance with Home.

11.   Mr. Anacan promised that if she refinanced with Home, Plaintiff would not have to pay any prepayment penalty on her existing loan.

12.   After the refinance was complete, Plaintiff first learned that she had paid a prepayment penalty in the approximate amount of $9000.00.

13.   Plaintiff's existing loan was a fixed rate loan for 30 years at a fixed interest rate of 5.45% with payments of $2038.00 per month.

14.   Mr. Anacan promised that Plaintiff would get a normal fixed rate loan with an interest rate of 5.25% fixed for 30 years with lower payments than her existing loan.

15.   After the refinance was complete, Plaintiff first learned that the new interest rate was 6.5% and payments were $2546.74 per month, and in addition, Plaintiff was obligated to pay

a balloon payment at the end of 30 years.

16.  Plaintiff had surgery on or about June 21, 2006 and was taking pain medication including, but not limited to, Oxycodone for many days after that, including the date of closing of the subject mortgage loan, all of which was known to Mr. Anacan.

17.  Despite knowing of the surgery and the pain medication, Mr. Anacon called Plaintiff on the day of closing and said the papers were ready and needed to be signed that very afternoon.

18.  The above medication rendered Plaintiff incompetent to enter a the subject transaction and incapable of understanding the terms of her loan and making reasonable decisions about the loan, and this was known to Mr. Anacon.

19.  The closing did not take place at a title company, but rather Mr. Angcan came to Plaintiff's home, knowing her condition as described above, at approximately 4:00 p.m. on or about June 26, 2006, and said he had to get the loan documents back to the office by 4:30 p.m. on that date.

20.  Mr. Anacan told Plaintiff that she should rely on him, that he was looking out for her, and to let him (Anacan) handle the paperwork, and that he would get Plaintiff the loan on the terms he had promised.

21.  Mr. Anacan did not allow Plaintiff to read the loan documents, ostensibly because of time pressure, and simply flipped the pages and told Plaintiff where to sign on each document.

22.   Mr. Anacan told Plaintiff she would get copies of all documents when she signed, including work sheets, but after signing, Mr. Anacan took all the documents from her and left, so that Plaintiff received no documents at all on that date.

23.   Plaintiff did receive a package in the mail about ten days later with some, but not all, of the loan documents she had signed and did not receive copies of the work sheets.

24.   In reliance on Mr. Anacan's promises and representations, Plaintiff signed the closing documents presented to her.   Plaintiff reasonably relied on those promises and representations and was justified in her reliance.

25.   On or about June 26, 2006, Plaintiff entered into that loan transaction with Home.

26.   Plaintiff received no documents at all at the closing and no one explained any of the loan documents to Plaintiff at closing.

27.   The only people present at the closing were Plaintiff, Mr. Anacan and a woman who said she was a notary.

28.   About 10 days after the closing and immediately after she received the documents in the mail, Plaintiff called Mr. Anacan and said that she wanted to cancel the loan because the terms of the loan were not what she had been promised.

29.   Mr. Anacan responded that it was too late to cancel the loan since the three days had passed since she signed the loan papers.

30.   Plaintiff said that she had just received the documents so she could not have canceled earlier, but Mr. Anacan said that was "too bad" and there was nothing he could do.

31.   In addition, upon review of the documents she received in the mail after closing, Plaintiff first learned that the loan application showed that Plaintiff was self-employed and that her "base employment income" was $9,000.00 per month.  A true copy of the loan application sent to Plaintiff after closing is attached hereto as Exhibit "A".

32.   At the time of this loan, Plaintiff was not working and had no employment income at all.

33.   The above debt was incurred primarily for personal, family, or household purposes.

34.   The above indebtedness was secured by a first mortgage on Plaintiff's principal residence.

35.   Upon information and belief, HSBC is the current owner and holder of the above described note and first mortgage and has been the owner and holder since December of 2006.

36.   BAC is the current servicer of the above described note and mortgage and has been the servicer since December of 2006, though for a time under its former name of Countrywide Home Loans Servicing LP.

37.   A true copy of the Notice of Right to Cancel disclosure for this loan is attached hereto as Exhibit "B".

38.   Only one copy of Exhibit "B" was sent to Plaintiff in the mail, which copy was sent and received approximately 10 days after the closing, and that was the only copy of Exhibit "B" that she ever received.

39.   A true copy of the "Balloon Note" mailed to Plaintiff after the closing is attached hereto as Exhibit "C", showing monthly payments of $2546.74 along with a possible balloon payment in an unspecified amount.

40.   A true copy of the Truth In Lending Disclosure Statement mailed to Plaintiff after the closing is attached hereto as Exhibit "D", showing monthly payments of $2488.20 with a balloon payment of $221,610.02 due after 30 years.

41.   A true copy of the Final Closing Statement for this loan, mailed to Plaintiff after the closing, is attached hereto as Exhibit "E".

42.   Plaintiff hereby rescinds the above-described loan, and all other transactions she had or has with either Defendant.

43.   Plaintiff has made all payments required under this loan to date.

44.   A true copy of the letter from Plaintiff's counsel sent to BAC on April 29, 2010 is attached hereto as Exhibit "F".

45.   A true copy of the letter from BAC to Plaintiff's counsel dated May 7, 2010 is attached hereto as Exhibit "G".

COUNT I - UDAP

46.   Plaintiff realleges and incorporates paragraphs 1 through 45 of this Complaint.

47.   Defendants are liable for the above-described violations of Chapter and 480 of the Hawaii Revised Statutes as alleged.

48.   The false representations as to the terms of the loans as well as Plaintiff's income, the failure to give documents timely, and the excessive charges in connection with the above-described extensions of credit were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs as consumers, in violation of H.R.S. Chapter 480.

49.   The failure to give to Plaintiff a proper and timely Notice of Right to Cancel is unfair and deceptive, in violation of H.R.S. Chapter 480.

50.   As a result, Plaintiff has suffered injury to her property in an amount to be proved at trial, the loan was void ab initio, and Plaintiff is entitled to, among other things, rescission, treble damages, attorneys fees and costs.

COUNT II - Unconscionability

51.   Plaintiff realleges and incorporates paragraphs 1 through 50 of this Complaint.

52.   Home has engaged in unconscionable behavior and acts to the detriment of Plaintiff, including but not limited to

obtaining mortgages under false pretenses and by charging Plaintiff inflated and unnecessary charges, by failing to give Plaintiff required documents in a timely manner, and by failing to take action to rescind the loans and mortgages.

53.   Defendants knew or should have known of the above matters when it or they obtained the loan.

## COUNT III - Fiduciary Duty

54.   Plaintiff   re-alleges   and   incorporates the allegations of paragraphs 1 through 53 of this Complaint.

55.   At all times relevant herein, Home owed Plaintiff a fiduciary duty with regard to the above-described mortgage loans.

56.   Home breached its fiduciary duty owed to Plaintiff as described above.

57.   Plaintiff has been damaged thereby in an amount to be proved at trial and the loan was void ab initio.

## COUNT IV - Fraud and Misrepresentation

58.   Plaintiff realleges and incorporates paragraphs 1 through 57 of this Complaint.

59.   During the period leading up to the closing of the loan, Home and its agents represented to Plaintiff that she would get a loan at far better terms than she actually received.

60.   Home and Defendants knew or should have known that the these representations and failures were false and misleading,

and that Plaintiff would rely on these representations and failures to her detriment.

61.    Plaintiff did rely on these representations and failures to her detriment, and was justified in her reliance.

62.   As a direct result, Plaintiff has suffered damages, and the loan was void ab initio.

## COUNT V - Unlicensed Brokering

63.    Plaintiff realleges and incorporates paragraphs 1 through 62 of this Complaint.

64.   During all times relevant herein, Home acted as a mortgage broker within the meaning of Hawaii Revised Statutes, Chapter 454.

65.   Upon information and belief, Home was not licensed as a mortgage broker by the State of Hawaii.

66.    Upon information and belief, Home was not exempt from the requirement to be licensed as a mortgage broker.

67.   As a direct result, the above-described loan is and was, void and unenforceable.

## COUNT VI - RESPA Violations

68.    Plaintiff realleges and incorporates paragraphs 1 through 67 of this Complaint.

69.   By failing to properly respond to a valid qualified written request, BAC has violated the provisions of the Real Estate

Settlement Procedures Act (RESPA).

70. BAC improperly responded to both oral and written requests for information regarding the current owner of the subject note and mortgage, including but not limited to, advising Plaintiff that Wells Fargo was the current owner of the subject note and mortgage.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I

1. Award Plaintiff damages in the amount of three times the injury to her property, but not less than $1,000.00 each;

2. Declare the above transaction null and void.

3. Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and direct that Plaintiff have no further obligation of payment to Defendants.

4. Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding their respective mortgages as described above.

5. Order Defendants to delete any adverse information regarding Plaintiff that they have reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

AS TO COUNT II

6.   Award Plaintiff damages for property injury;

7.   Award Plaintiff damages in the amount of the injury to his person, both physical and emotional;

8.   Declare the loan void.


AS TO COUNT III

9.   Award Plaintiff damages as will be proved at trail.

10.   Declare the loan void.


AS TO COUNT IV

11. Award Plaintiff damages in the amount of the injury to her property;

12.   Award Plaintiff damages in the amount of the injury to her person, both physical and emotional;

13.   That the Court order Defendants to take all action necessary to terminate any security interest which any Defendant may claim on Plaintiff's home and that the Court declare all such security interest of Defendants void, including but not limited to, any notes, mortgages and/or deeds and/or foreclosure conveyance documents;

14.   That Defendants be enjoined during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiff's home, from recording any deeds or mortgages regarding that property

or from otherwise taking any steps to deprive Plaintiff of ownership of that property.

### AS TO COUNT V

15. Award Plaintiff damages in the amount of three times the injury to her property, but not less than $1,000.00;

16. Declare the above transaction null and void.

17. Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and direct that Plaintiff have no further obligation of payment to Defendants.

18. Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding their respective mortgages as described above.

19. Order Defendants to delete any adverse information regarding Plaintiff that they have reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

### AS TO COUNT VI

20. Award Plaintiff damages in the amount of $1,000.00;

21. Award Plaintiff her actual damages as a result of these violations.

### AS TO ALL COUNTS

22. Declare Defendants' security interest in the subject

property void, and enjoin Defendants from taking any action towards collection of the loan and/or foreclosure of their security interest in the subject property;

      23.  Award Plaintiff her reasonable attorneys' fees and costs of Court.

      24.  Award Plaintiff such other and further relief as the Court deems appropriate.

      DATED:  Honolulu, Hawaii, ___May 25, 2010_____.


_____
JOHN HARRIS PAER
CHRISTIAN P. PORTER
Attorneys for Plaintiff